IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    3:10-CR-493-BR

          Plaintiff,                         OPINION AND ORDER

v.

RANDY LEE SHILL,

          Defendant.

S. AMANDA MARSHALL
United States Attorney
GARY Y. SUSSMAN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1030

          Attorneys for Plaintiff

STEVEN T. WAX
Federal Public Defender
LISA HAY
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204
(503) 326-2123

          Attorneys for Defendants

BROWN, Judge.

This matter comes before the Court to resolve the Eighth Amendment constitutional challenges made by Defendant Randy Lee Shill to the ten-year mandatory minimum sentence in this matter. The mandatory minimum sentence was triggered when Defendant pled guilty to Count One of the Superseding Indictment (#39), which charges Defendant with knowingly using and attempting to use the Internet to entice a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b).

For the reasons stated herein and in the Court's previously issued Opinions and Orders (#60, #71), the Court concludes Defendant does not provide a sufficient basis for the Court to ignore the otherwise applicable mandatory minimum sentence, and, therefore, the Court concludes it must impose no less than the mandatory ten-year prison term when sentencing proceedings reconvene in this matter on January 7, 2013.

**PROCEDURAL BACKGROUND**

The government filed its initial Complaint (#1) on November 12, 2010, and an Indictment (#12) on December 7, 2010. The government charged Defendant with knowingly using and attempting to use the Internet to entice a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b), which provides the penalty for violation thereof is "not less

than 10 years [imprisonment] or for life."

Although the Indictment tracked the language of § 2422(b) and charged Defendant with attempting to entice a minor to engage in "sexual activity for which said Defendant could be charged with a criminal offense," the Indictment did not specify the particular offense(s) for which the Defendant could be charged. Citing this omission, Defendant filed his original Motion (#31) to Dismiss the Indictment. In response, the government mooted the Motion by filing a Superseding Indictment (#39) on October 26, 2011, which alleged two Oregon sex offenses for which Defendant could be charged: "namely Sexual Abuse in the Third Degree, in violation of ORS 163.415, and Contributing to the Sexual Delinquency of a Minor, in violation of ORS 163.435." Oregon law provides both of these referenced offenses are Class A misdemeanors for which the maximum penalty is one year imprisonment. The Court also notes an attempt to commit a Class A misdemeanor is a Class B misdemeanor for which the maximum penalty is six months imprisonment. *See* Or. Rev. Stats. §§ 163.415(2), 163.435(2), 163.405(2)(e), and 161.615(2).

On November 14, 2011, Defendant filed his Motion (#43) to Dismiss Superseding Indictment in which he contended the Court should construe § 2422(b) as not criminalizing conduct otherwise within the scope of the statute if the described "sexual activity" would only be a misdemeanor offense "for which any

person can be charged." After extensive briefing and oral argument, the Court denied Defendant's Motion in its Opinion and Order (#60) issued February 17, 2012. In particular, the Court concluded

> § 2422(b) is not vague or ambiguous, and the phrase "any sexual activity for which any person can be charged with a criminal offense" in this context necessarily encompasses a defendant's attempt to entice, to persuade, or to coerce a minor to engage in physical sexual activity that is a misdemeanor under state law.

Opin. And Order (#60) at 20-21.

After several defense motions to continue the trial date, two hearings were scheduled for Defendant's change of plea, but neither hearing was held. Instead Defendant moved the Court (#67) to reconsider its interpretation of § 2422(b) based on the Ninth Circuit's intervening decision in *United States v. Nosal*, 676 F.3d 854 (9th Cir. 2012), in which the appellate court rejected a broad statutory interpretation of the Computer Fraud Abuse Act, 18 U.S.C. § 1030, and, among other things, concluded Congress needed to "speak more clearly" as to the intended reach of that statute. *Nosal,* 676 F.3d at 863. After reconsidering Defendant's arguments in light of *Nosal*, the Court issued its Order (#71) on June 6, 2012, denying Defendant's Motion for Reconsideration and concluding § 2422(b) did not suffer from a similar lack of clarity.

On July 3, 2012, Defendant pled guilty (#83, #85, #86) to

the single-count Superseding Indictment pursuant to the terms of the parties' Plea Agreement. The Plea Agreement reserved Defendant's right to appeal from the Court's denial of Defendant's Motion to Dismiss (#43) the Superseding Indictment for failure to state an offense and "reserved Defendant's right to seek a sentence below the mandatory minimum on the ground that the mandatory minimum sentence would violate the Eighth Amendment." The parties then briefed the Eighth Amendment issues in conjunction with their other sentencing submissions.

On November 26, 2012, the Court convened a sentencing hearing at which the parties made sentencing arguments, including Defendant's assessment of a reasonable sentence pursuant to 18 U.S.C. § 3553(a) in the event that the Court determined it had the authority to impose a sentence below the ten-year mandatory minimum. In addition, the Court heard Defendant's allocution and statements from "JS," the minor female who was the target of Defendant's offense, and from her father. Both "JS" and her father clearly articulated the significant impact that Defendant's actions had on "JS" and her family. Finally, the Court heard the parties' arguments concerning Defendant's Eighth Amendment issues.

At the November 26, 2012, hearing, the Court found the applicable Sentencing Guidelines range in the absence of the mandatory minimum sentence would be 70-87 months. The Court also

evaluated the record as a whole pursuant to § 3553(a) in order to determine a sentence "sufficient, but not greater than necessary" that the Court would impose if it was not bound by the mandatory minimum sentence. As noted on the record, after taking into account all of the § 3443(a) factors, Defendant's arguments in favor of lenience and mitigation and the impact of Defendant's crime on "JS," the Court concluded it would impose a sentence of 70 months, which would be the low end of the otherwise applicable Sentencing Guidelines range, if it had the authority to do so.

The Court also permitted the parties to file supplemental memoranda (#101, #102) as to Defendant's Eighth Amendment issues. On December 5, 2012, the Court took all of the Eighth Amendment issues under advisement. As a result, the Court continued the sentencing proceeding to January 7, 2013, for the imposition of sentence pursuant to this Opinion and Order.

## **STANDARDS**

The Eighth Amendment to the United States Constitution provides "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "Central" to any determination whether a sentence violates the Eighth Amendment's proscription against cruel and unusual punishment is the proportionality of the punishment to the crime. *Graham v. Florida,* 130 S. Ct. 2011,

2021 (2010). As noted in *Graham*, the Supreme Court's previous
cases addressing proportionality of sentences fall within two
general classifications: (1) challenges to the length of term-
of-years sentences in light of all of the circumstances in a
particular case and (2) cases in which the Court implements the
proportionality standard by certain categorical restrictions on
the death penalty. *Id.*

When evaluating Eighth Amendment challenges in the term-of-
years classification, the Supreme Court explained in *Graham* that
it considers "all of the circumstances of the case to determine
whether the sentence is unconstitutionally excessive." *Id.* As
to this classification, the Supreme Court, emphasizing its
controlling opinion in *Harmelin v. Michigan*, 501 U.S. 957 (1991),
concluded the Eighth Amendment contains

> a "narrow proportionality principle," that "does not
> require strict proportionality between crime and
> sentence" but rather "forbids only extreme sentences
> that are 'grossly disproportionate' to the crime."

*Graham*, 130 S. Ct. at 2021. The Supreme Court reiterated that a
determination as to whether a sentence for a term of years is
grossly disproportionate for a particular defendant's crime

> must begin by comparing the gravity of the offense and
> the severity of the sentence. . . . [I]n the rare case
> in which [this] threshold comparison . . . leads to an
> inference of gross disproportionality" the court should
> then compare the defendant's sentence with the
> sentences received by other offenders in the same
> jurisdiction and with the sentences imposed for the
> same crime in other jurisdictions. . . . If this
> comparative analysis "validate[s] an initial judgment

that [the] sentence is grossly disproportionate," the
sentence is cruel and unusual.

*Id*. at 2022 (internal citations omitted).

As to the second classification of cases, the Supreme Court
noted in *Graham* that it has used categorical rules as to the
nature of the offense or the characteristics of the offender to
define Eighth Amendment standards in death-penalty cases. *Id*.
For example, the Court has held the Eighth Amendment prohibits
the death penalty in non-homicide cases (nature of the offense)
and as to defendants who committed their crimes before the age of
18 (characteristics of the offender). *Id*. When adopting
categorical rules, the Court

> first considers "objective indicia of society's
> standards, as expressed in legislative enactments and
> state practice" to determine whether there is a
> national consensus against the sentencing practice at
> issue. . . . Next, guided by "the standards elaborated
> by controlling precedents and by the Court's own
> understanding and interpretation of the Eighth
> Amendment's text, history, meaning, and purpose,"
> . . . the Court must determine in the exercise of its
> own independent judgment whether the punishment in
> question violates the Constitution.

*Id.* (internal citations omitted).

The facts in *Graham*, nevertheless, involved a "categorical"
challenge to a life-without-parole sentence for a non-homicide,
juvenile offender; that is, a categorical challenge to a term-of-
years sentence. Concluding that comparing the severity of the
penalty and the gravity of the crime "does not advance the
analysis," *id.* at 2023, the Supreme Court applied the categorical

analysis previously used in death-penalty cases and concluded
categorically that life-without-parole sentences for juveniles
who did not commit homicide violated the Eighth Amendment.  *Id.*
at 2034.

Although a "gross proportionality principle" still applies
when evaluating a term-of-years sentence under the Eighth
Amendment, the Ninth Circuit has recognized "the precise contours
of this principle are unclear, and it has been applied *only in
exceedingly rare and extreme circumstances.*"  *Crosby v. Schwartz*,
678 F.3d 784, 791 (9th Cir. 2012)(emphasis added).

### DISCUSSION

I.  **Comparison of the gravity of Defendant's criminal conduct to
the severity of the ten-year mandatory minimum sentence does
not lead to an inference of "gross disproportionality" even
in the circumstances of this case, and, therefore, this is
not the type of "exceedingly rare" case in which the Court
may find an Eighth Amendment violation.**

A.  **The nature of Defendant's criminal conduct.**

As is well documented in the record, Defendant, a 44-year-
old man, solicited "JS," a 16-year-old high-school classmate of
Defendant's daughter, through online communications in an attempt
to entice "JS" to have sex with him.  Although Defendant does not
have any criminal record, Defendant previously approached other
teenage girls online or in person, presumably for a similar
purpose.  Because "JS" reported Defendant's initial messages to

her father, who, in turn, involved the authorities, the bulk of Defendant's online communications were with an undercover officer who Defendant thought was "JS." After a series of sexually escalating communications, Defendant was arrested with condoms, alcohol, and flowers in his possession at the place where he traveled to meet "JS" for sex.

As noted, § 2422(b) criminalizes the knowing use of the Internet to attempt to entice a minor to engage in "any sexual activity for which any person can be charged with a criminal offense." Because Defendant's count of conviction specified only state-law misdemeanor offense(s) for which Defendant could have been sentenced to no more than one-year imprisment in the worst-case scenario (*i.e.*, if Defendant had actually committed the state-law Class A misdemeanor offense), Defendant has insisted a ten-year mandatory minimum sentence for his use of the Internet in violation of § 2422(b) is "grossly disproportionate" to his "misdemeanor" conduct.

Defendant, however, consistently minimizes and misconstrues his conduct in these arguments and ignores the fact that he used online communications to further his offense. For example, Defendant asserts his conduct constitutes "mere sexting" that is not criminal under Oregon law because "JS" was not under the age of 16. *See* Or. Rev. Stats. §§ 163.431 and 163.432. Although neither Oregon law nor Defendant define "mere sexting,"

the Court finds implausible the notion that there is anything "mere" about a 44-year-old man "sexting" with a 16-year-old girl.

Whatever the meaning of "mere sexting" is or whatever its frequency in an age of ubiquitous digital communication, the Court notes Defendant was not convicted of "merely" conversing about sex over the Internet with a 16-year-old girl who he found to be attractive. In Paragraph 24 of his Plea Petition (#85), he admits that

> [b]eginning on or about October 23, 2010, and continuing to on or about November 10, 2010, in the District of Oregon, I used a cellphone to engage in chat messages with someone I believed to be 16 years old, and in the course of those messages I attempted to induce her to engage in sexual contact with me, which would be a misdemeanor offense in Oregon, specifically a violation of ORS 163.415 or ORS 163.435.

In his plea colloquy with the Court, Defendant admitted he acted "knowingly." In Paragraph 15 of his Plea Agreement (#86), Defendant acknowledged the government could prove beyond a reasonable doubt very specific, sexual conduct on his part. The Court concludes after Defendant knowingly used the Internet and knowingly attempted to induce a 16-year-old girl to have sexual contact with him, Defendant went far beyond "mere sexting" (whatever its definition) and, in fact, committed the federal felony crime at issue here.

Defendant also understates the seriousness of his conduct by arguing that the government "manipulated" him to

induce him to commit this federal crime and "goaded" him into incriminating statements. Although Defendant argues all he was really doing was fantasizing in his communications with "JS" while the agent acting as "JS" treated the fantasy as real and provoked discussions about planning to meet for sex, Defendant's admissions in connection with his guilty plea belie this assertion. Moreover, the Court notes Defendant likely abandoned any entrapment defense in light of his Plea Agreement and guilty plea because his prior contacts with underage females undermined any argument that he was not predisposed to commit the offense. *See United States v. McClelland*, 72 F.3d 717, 722 (9th Cir. 1995)("If the defendant is found to be predisposed to commit a crime, an entrapment defense is unavailable regardless of the inducement."). In any event, the Court has reviewed the full transcript of Defendant's communications with "JS" and does not find any merit to his argument that he was "manipulated" or "goaded" into federal criminal conduct by a government agent.

In short, the Court rejects Defendant's repeated efforts to minimize his criminal behavior by referring to it as "merely" misdemeanor or attempted misdemeanor conduct because doing so ignores the inherently predatory and surreptitious nature of Defendant's online, sex-solicitation felony crime in violation of federal law.

**B.** **The severity of the ten-year mandatory minimum sentence.**

As noted, the Court found at the November 26, 2012, sentencing hearing that the applicable advisory Sentencing Guidelines range for this Defendant's offense of conviction in the absence of the ten-year mandatory minimum would be 70-87 months, which is well below the ten-year mandatory minimum sentence. As Defendant has repeatedly emphasized, the maximum penalty that he could have received under Oregon law for actually having sexual contact with "JS" in violation of the offenses specified in the Superseding Indictment is a one-year term of imprisonment. Although those offenses are misdemeanors, the government has noted it could also have specified an Oregon felony charge in the Superseding Indictment; namely, Sexual Abuse in the Second Degree in violation of Oregon Revised Statute § 163.425, which is a Class C felony. Defendant protests against the government's reference to the state felony statute because it was not charged in any indictment despite the government having had at least two charging opportunities to include it. The Court, however, finds the reference to this felony is actually helpful to Defendant in assessing the severity of the mandatory minimum sentence because, as opposed to that mandatory sentence, conviction of the Oregon felony for Sexual Abuse in the Second Degree carries "only" a maximum penalty of five years

imprisonment pursuant to Oregon Revised Statute § 161.605 and

Oregon's Sentencing Guidelines Grid provides a presumptive

*probationary* sentence of three years and 180 custody units of

which only 90 may be jail units in the absence of substantial and

compelling reasons to warrant a departure.

By any measure, therefore, the ten-year mandatory

minimum sentence for Defendant's crime in the circumstances of

this case is quite harsh (about 40% higher than the otherwise

applicable federal Sentencing Guidelines range), ten times higher

than the maximum penalty for state misdemeanor offense(s) that

Defendant used the Internet to entice, and fundamentally

inconsistent with the presumptive probationary sentence that

Defendant likely would have received if Defendant had committed

the state felony offense of Sexual Abuse in the Second Degree

against a 16-year-old.

Courts, nevertheless, have denied Eighth Amendment

challenges to term-of-years sentences that are much harsher.  For

example, in *Harmelin v. Michigan* the Supreme Court found a life-

without-parole sentence was not grossly disproportionate for

possessing 672 grams of cocaine.  501 U.S. at 994-95.  In *Graham*

the Supreme Court listed other examples of very harsh sentences

upheld against Eighth Amendment challenges to term-of-years

sentences and noted it had previously

> rejected a challenge to a sentence of 25 years to life
> for the theft of a few golf clubs under California's

> so-called three-strikes recidivist sentencing scheme.
> *Ewing v. California,* 538 U.S. 11, 123 S. Ct. 1179, 155
> L. Ed. 2d 108 (2003); see also *Lockyer v. Andrade,* 538
> U.S. 63, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).
> The Court has also upheld a sentence of life with the
> possibility of parole for a defendant's third
> nonviolent felony, the crime of obtaining money by
> false pretenses, *Rummel v. Estelle,* 445 U.S. 263, 100
> S. Ct. 1133, 63 L. Ed. 2d 382 (1980), and a sentence of
> 40 years for possession of marijuana with intent to
> distribute and distribution of marijuana, *Hutto v.
> Davis,* 454 U.S. 370, 102 S. Ct. 703, 70 L. Ed. 2d 556
> (1982)*(per curiam).*

*Graham*, 130 S. Ct. at 2021-22.

Although the Supreme Court found the life-without-parole sentence in *Solem v. Helm,* 103 S. Ct. 3001, 3012 (1983), violated the Eighth Amendment, the facts in *Solem* are quite different than in this matter. The sentence in *Solem* was imposed on a recidivist property offender who passed an insufficient-funds check for less than $100 (a felony under South Dakota law), and the Court emphasized Solem's offense was "one of the most passive felonies a person could commit" and did not involve violence or the threat of violence to any person. The offense in the present case, however, is hardly "passive" and clearly presented a serious risk of physical, criminal contact with a 16-year-old. Moreover, a ten-year sentence is far less than a life-without-parole sentence. Thus, Defendant's case does not present any of the "gross disproportionality" factors underlying the Supreme Court's conclusions in *Solem.*

Moreover, as the government has emphasized, no federal

appellate court evaluating an Eighth Amendment challenge to
the mandatory minimum sentence under § 2422(b) has found a
constitutional violation. *See, e.g., United States v. Hughes*,
632 F.3d 956, 959-60 (6th Cir.), *cert. denied,* 131 S. Ct. 2975
(2011); *United States v. Nagel*, 559 F.3d at 756 (7th Cir. 2009);
*United States v. Butters*, 267 Fed. App'x 773 (10th Cir.
2008)(unpubl'd); *United States v. Worsham*, No. 11-11379, 2012 WL
1648878 (11th Cir. May 11, 2012); *United States v. Brucker*, 646
F.3d 1012 (7th Cir. 2011); *United States v. Munro*, 394 F.3d 865
(10th Cir. 2005).[1]  In their post-sentencing briefs (#101, #102),
however, the parties dispute whether any of these cases involve
facts comparable to this matter where the online enticement was
for sexual conduct that would be a misdemeanor under state law.
According to Defendant, all of these cases involve a class of
offenders who, under the applicable state law, used the Internet
to attempt to entice felony sexual conduct.  Thus, Defendant
argues the Court should not rely on these cases to conclude that
there is not a "gross disproportionality" between Defendant's
crime and the ten-year mandatory minimum.  On the other hand, the
government asserts the enticed conduct in *Hughes* likely was

---

[1] Although the Ninth Circuit has not yet addressed this
issue in the context of § 2422(b), it has concluded a 15-year
sentence for child pornography crimes is not "grossly
disproportionate," *United States v. Meiners*, 485 F.3d 1211 (9th
Cir. 2007), which suggests to this Court that the Ninth Circuit
likely will concur with the analyses of the other circuits.

misdemeanor conduct, and, in any event, the status of the enticed conduct as either a felony or misdemeanor has not been the basis of any court's constitutional analysis.

The Court notes the data that Defendant gathered about these cases (#102) suggests each case involved a minor younger than "JS," who, as noted, was 16 years old at the time of Defendant's conduct. Defendant emphasizes Oregon law distinguishes the seriousness of criminal liability for sex crimes based in part on whether a victim is at least 16 years of age; *i.e.*, the older the victim, the less potentially serious the crime and penalty. *See* Or. Rev. Stats. §§ 163.355, 163.365, 163.375. As the Sixth Circuit pointed out in *Hughes*, however, federal courts analyzing this issue in the context of § 2422(b) have "consistently noted the seriousness of crimes involving the sexual exploitation of minors." 632 F. 3d at 960. Although there may be a theoretical degree of difference in criminal culpability when a minor victim is 14 versus 16 years old, that age disparity makes little difference in a case like this involving a 44-year-old man who specifically targeted a 16-year-old known to him. Under any analysis, this conduct still amounts to "sexual exploitation of a minor." Thus, the Court is not persuaded it should reach any different conclusion about gross disproportionality in this case than the other appellate courts did in the cases before them.

Accordingly, the Court concludes, as did the Ninth Circuit in *Meiners*, that this is not "the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality," and, therefore, the Court " need not conduct an inter- and intra-jurisdictional analysis." 485 F.3d at 1213.

## II. Defendant's "categorical" challenge to the ten-year mandatory minimum sentence lacks merit.

"When considering categorical challenges to classes of sentences, courts look to 'objective indicia of society's standards . . . to determine whether there is a national consensus against the sentencing practice at issue,' and to the court's 'own independent judgment.'" *United States v. Williams*, 636 F.3d 1229, 1233 (9th Cir. 2011)(quoting *Graham*, 130 S. Ct at 2022). Here the Court understands Defendant's "categorical" challenge is to the imposition of the ten-year mandatory minimum to a class of defendants whose online enticement of minors was for criminal sexual activity that is "no more" serious than misdemeanor conduct.

With respect to "objective indicia of society's standards," Defendant argues "72% of states treat the type of attempted sexual conduct at issue (consensual sexual contact between a 16-year-old and an adult) as noncriminal or a misdemeanor." Def.'s Corrected Sentencing Mem. (#103) at 27. according to Defendant,

therefore, there is a categorical constitutional defect here because a defendant could be subject to a ten-year mandatory minimum for engaging in a single online communication in an attempt to induce someone almost 18 years old to "consent" to sexual conduct that likely is a misdemeanor under state law.

Defendant correctly notes the government's response to this argument is that Defendant is "minimizing" his conduct. As noted, the Court finds Defendant's view of the nature of his conduct and his view of the hypothetical offender guilty of only one online communication to solicit a minor to "consent" to misdemeanor sexual conduct are too short-sighted. The very serious harm that § 2422(b) seeks to prevent is not only the ultimate sexual activity for which "any person can be charged with a criminal offense," but also the predatory and surreptitious means of enticing a minor to engage in that illegal sexual activity via the Internet. Thus, Defendant's reliance on the "72% of states" that treat some sexual acts with a minor as misdemeanors misses the mark. Moreover, as Defendant points out, only he and another defendant still awaiting trial in the District of Oregon are members of Defendant's "categorical" class so it does not appear that any objective indicia of society's standards in this regard have yet been developed beyond that reflected in the appellate decisions already referenced in which the courts did not find any gross disproportionality.

Finally, Defendant argues this Court's exercise of independent judgment should lead the Court to find that applying the ten-year mandatory minimum to this class of offenders violates the Eighth Amendment. As noted, the Court has concluded a 70-month prison sentence would be "sufficient, but not greater than necessary" for Defendant's commission of this crime under the circumstances of this case pursuant to the sentencing criteria set out in § 3553(a) and in the absence of the mandatory minimum sentence. In reaching that conclusion, the Court considered all of the § 3553(a) factors as well as the sociological and penological arguments that Defendant advances and relied on its 20 years of experience as a trial judge who has sentenced individuals for criminal acts ranging from the relatively benign to aggravated murder. Even though the Court shares many of the concerns articulated by trial judges across the country who are critical of mandatory sentencing requirements, the Court is mindful that it may "not sit as a 'superlegislature' to second-guess" Congress. *See Ewing v. California,* 123 S. Ct. 1179, 1189 (2003). Under these circumstances, the Court, in the exercise of its judgment, is not persuaded there is any basis to sustain Defendant's categorical challenge under the Eighth Amendment to the mandatory minimum sentence that Defendant faces.

Thus, the Court concludes Defendant's categorical challenge

to the ten-year mandatory minimum sentence lacks merit.

**III. Defendant's "as applied" challenge also fails.**

As noted, the Court concludes Defendant's criminal conduct is very serious notwithstanding the mitigating factors on which he relies and is not "grossly disproportionate" to the mandatory minimum sentence.  To the extent that Defendant's "as applied" challenge is to be considered separately from the proportionality analysis that the Court has already undertaken, the Court concludes that challenge also fails for the same reasons.


<u>CONCLUSION</u>

For these reasons and the reasons set out in the Court's previously issued Opinions and Orders (#60, #71), the Court concludes Defendant does not provide a sufficient basis for the Court to ignore the otherwise applicable mandatory minimum sentence, and, therefore, the Court concludes it must impose no less than the mandatory ten-year prison term when sentencing proceedings reconvene in this matter on January 7, 2013.

IT IS SO ORDERED.

DATED this 17th day of December, 2012.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge